White & Sheffield *vs.* The Springfield Bank.

In order that the holder of a negotiable security which has been passed to him in fraud of the rights of others, may be protected, he must not only have taken it without notice, but he must also have parted with something of actual value on the credit or faith thereof.

Merely receiving it as security for, or in payment of, an antecedent debt, is not sufficient.

A defendant who is in contempt, is not in a situation to raise the objection that the plaintiff has an adequate remedy at law.

In Equity. Motion to dissolve an injunction. The plaintiffs, merchants in New-York, had accepted for the accommodation of Howard & Lathrop, drafts to the amount of about $2000; some of which had been taken up by the plaintiffs, and others were about falling due. In order to raise the money to take them all up, the plaintiffs drew their note for $2000, and gave it to Howard & Lathrop, upon an agreement that they would get it discounted and remit the proceeds to the plaintiffs. Instead of doing so, Howard & Lathrop gave the note to the defendants, in exchange for a draft of theirs on the plaintiffs for the same amount; which the defendants had discounted, but which the plaintiffs had twice refused to accept. The defen-

dants in their answer insisted that they were bona fide holders of the note, and entitled to collect it, because, though they had received it of Howard & Lathrop for a precedent debt, yet they had at the time parted with securities which they held. It seemed that Howard & Lathrop were manufacturers in the vicinity of the Springfield Bank, and in order to procure discounts at that bank, had deposited with them the notes of other persons to the amount of $7000, as security for any discounts made previous to that time, or to be made afterwards; and they held those collaterals at the time they discounted the unaccepted draft for $2000 on the plaintiffs. And when they received from Howard & Lathrop the plaintiffs' note for $2000, they did not part with any of those collaterals, but continued to hold them, as they averred, as security for other advances; and all that they did part with was the unaccepted draft of Howard & Lathrop for $2000, on the plaintiffs, which had no name on it.

*H. Ketcham*, for the defendants, insisted, 1. That this was such a parting with securities by the bank as to make them bona fide holders. 2. The plaintiffs have an adequate remedy at law.

*C. Goddard & S. P. Staples*, for the plaintiffs, read an affidavit stating that in violation of the injunction, the defendants had brought a suit against the plaintiffs on the note; and insisted that being thus in contempt, the defendants had no right to make this motion.

EDMONDS, J. The rule is too well settled in this state, to warrant any discussion, that the holder of a negotiable security, which has been passed to him in fraud of the rights of others, in order that he may be protected, must not only have taken it without notice, but must also have parted with something of actual value on the credit or faith thereof, and that merely receiving it in security or payment of an antecedent debt is not sufficient. In this case, the defendants have parted with nothing but

an unaccepted draft; and their doing so has in no respect changed the situation of the parties. Howard & Lathrop are just as much liable to the bank now as ever they were, for the money they received on the discount of that draft. And the note of the plaintiffs was in fact received by them either in security for, or in payment of, this precedent debt.

It is true that they pretend, in their answer, to have relinquished their securities. But aside from the disingenuousness of that paper, which is too palpable to deceive the most ordinary understanding, the facts stated in it show the utter falsity of the pretence.

There is much more force in the objection that the plaintiffs have an adequate remedy at law. If this case was before me on an application for an injunction, before filing the bill, I am inclined to think I should for that reason refuse to allow it. But as this court has already got possession of the case, and it has progressed nearly to a close, and as this is one of a class of cases where the jurisdiction in equity is concurrent with that at law, I do not think it discreet to turn the parties round to their legal remedy; more especially when the objection comes from those who are in contempt for having violated the process of the court, whose aid they are now asking.

Motion denied, with costs.

